*Buhannic v. TradingScreen*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of October, two thousand nineteen.

PRESENT:
> JOHN M. WALKER, JR.,
> SUSAN L. CARNEY,
> > *Circuit Judges*,
> JOHN G. KOELTL,
> > *District Judge.*\*

–––––––––––––––––––––––––––––––––––––––

Philippe Buhannic,

> *Petitioner-Appellant*,

v.                                                                          18-2274

TradingScreen, Inc., Joseph Ahearn,

> *Respondents-Appellees*.\*\*

–––––––––––––––––––––––––––––––––––––––

FOR PETITIONER-APPELLANT:              Philippe Buhannic, pro se, Verbier, Switzerland

FOR RESPONDENTS-APPELLEES:         Laurie E. Foster, Peter C. Neger, and John Michael Vassos, Morgan, Lewis & Bockius LLP, New York, NY

–––––––––––––––––––––––

\* Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.
\*\* The Clerk of Court is directed to amend the caption as above.

Appeal from a judgment of the United States District Court for the Southern District of New York (Ramos, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the July 30, 2018 judgment of the district court is **AFFIRMED**.

In 2016, Philippe Buhannic and Patrick Buhannic, brothers appearing through counsel, initiated an arbitration in New York to enforce three amendments (the "Amendments") to the Founders' Agreement of TradingScreen, Inc., a company that they helped to create. In July 2017, the arbitration panel issued an award invalidating the Amendments (the "Award"). In October 2017, the brothers petitioned the United States District Court for the Southern District of New York for an order vacating the Award. As grounds for their petition, they invoked standards set for vacatur by section 10(a) of the Federal Arbitration Act ("the Act"), 9 U.S.C. § 10(a), and alleged that, under these standards, the Award was invalid because the arbitrators were corrupt and partial, wrongly refused to hear evidence, and exceeded the proper scope of their powers. The District Court denied the petition to vacate and confirmed the Award, concluding that the brothers' challenges were meritless.

Philippe Buhannic, now proceeding pro se and without his brother, appeals the District Court's decision. On appeal, he primarily renews the four arguments that he and his brother presented to the District Court, each corresponding to a subparagraph of section 10(a). He also presents new allegations, described below. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as needed to explain our decision to affirm.

We review a district court's decision to confirm an arbitration award "*de novo* on questions of law and for clear error on findings of fact." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016). Applying this standard, we affirm the District Court's resolution of the four section 10(a) challenges, substantially for the reasons stated by the District Court in its sound opinion and order.

As mentioned, in his appellate brief Buhannic makes new arguments for invalidating the Award, asserting that the arbitration panel had improper connections with counsel for Respondents-Appellees in this matter and counsel for Respondents-Appellees in another matter. Buhannic also includes in his papers, and asks that we consider, new documentary exhibits that he did not present to the District Court.

Courts generally will not consider an argument raised for the first time on appeal unless injustice would result. *See, e.g.*, *Singleton v. Wulff*, 428 U.S. 106, 120-21 (1976). Similarly, we "will not consider new evidence [presented for the first time on appeal] absent extraordinary circumstances." *Munn v. Hotchkiss Sch.*, 795 F.3d 324, 330 (2d Cir. 2015) (internal quotation marks omitted). We conclude that these principles apply with full force here: Buhannic demonstrates no obvious injustice or extraordinary circumstance that justifies consideration of the new allegations and evidence for the first time on appeal. We therefore decline to consider these matters.

We have reviewed Buhannic's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3